UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KATHLEEN A. MANNION,<br><br>Defendant | Criminal No. 25cr10095<br><br>Violation:<br><br>Counts One-Four: Aiding and Assisting in the Preparation of a False Tax Return<br>(26 U.S.C. § 7206(2))<br><br>Count Five: Theft of Government Money<br>(18 U.S.C. § 641)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. Defendant KATHLEEN A. MANNION was a resident of Lawrence, Massachusetts and was formerly employed as a Contact Representative for the Internal Revenue Service ("IRS") in Andover, Massachusetts, from approximately 1988 to approximately 2009.

2. The IRS is the agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States.

3. An IRS Form 1040 is an individual income tax return, which is used to report items including income, dependents, deductions, tax credits and tax due and owing, and is filed on an annual basis with the IRS.

4. A dependent is a qualifying child or relative who relies on the taxpayer for financial support. To claim a dependent for tax credits or deductions, the dependent must meet specific

requirements.

5.  An IRS Form 8888 is used to directly deposit portions of a tax refund to more than one account at a bank or other financial institution in the United States.

6.  The Social Security Administration ("SSA") is an agency of the United States that administers retirement, disability, survivor, and family benefits.

7.  Title II of the Social Security Act is a federal program that provides Social Security benefits for retirement, survivors, and disability.

<u>MANNION's Fraudulent Preparation of Tax Returns for Other Individuals</u>

8.  Between approximately July 2020 and April 2023, in the District of Massachusetts and elsewhere, MANNION prepared and filed with the IRS individual income tax returns for other individuals.

9.  Even though MANNION prepared these returns on behalf of individuals, she did not list herself as the tax return preparer. Instead, MANNION prepared the returns to appear as if the taxpayer prepared the return on the taxpayer's own, with no involvement by MANNION.

10. Unbeknownst to the taxpayers, MANNION listed as dependents on the tax returns individuals who did not actually qualify as dependents based on IRS laws and regulations.

11. This false information contained on the tax returns resulted in materially higher refund amounts for the taxpayers for which they did not qualify and of which they were not aware.

12. MANNION filed IRS Forms 8888 with the IRS directing that a portion of the refunds that she falsely obtained in the names of the taxpayers be directed to MANNION's own personal bank accounts without the knowledge and consent of the taxpayers.

13. MANNION then used these refunds for her own personal benefit with no legal right

to do so.

### MANNION's Fraudulent Application for Social Security Benefits of Others

14. Between approximately April 2020 and October 2020, in the District of Massachusetts and elsewhere, MANNION applied for Title II Social Security retirement, spouse, and widow benefits with the SSA via telephone for other individuals.

15. MANNION directed that the Social Security benefits for these individuals be deposited into MANNION's own personal bank accounts without the knowledge and consent of the individuals. MANNION then used these Social Security benefits for her own personal benefit with no legal right to do so.

COUNTS ONE – FOUR
Aiding and Assisting in the Preparation and Filing of a False Tax Return
(26 U.S.C. § 7206(2))

The United States Attorney charges:

16. The United States Attorney re-alleges and incorporates by reference paragraphs 1-5 and 8-13 of this Information.

17. On or about the dates set forth below, in the District of Massachusetts, and elsewhere, the defendant,

KATHLEEN A. MANNION,

did willfully aid and assist in, counseled, and advised the preparation and presentation of Individual Income Tax Returns, Forms 1040, to the Internal Revenue Service, for the taxpayers identified in the table below by initials, and whose names are known to the United States Attorney, for the calendar years identified in the table below. The returns were false and fraudulent as to material matters, in that they claimed false dependents:

| Count | Tax Year | Taxpayer | Approximate Filing Date | Form Number | False Item |
|---|---|---|---|---|---|
| 1 | 2022 | Person 1 | April 18, 2023 | 1040 | Dependents |
| 2 | 2021 | Person 2 | April 18, 2022 | 1040 | Dependents |
| 3 | 2020 | Person 3 | May 17, 2021 | 1040 | Dependents |
| 4 | 2019 | Person 4 | July 15, 2020 | 1040 | Dependents |

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT FIVE
Theft of Government Money
(18 U.S.C. § 641)

The United States Attorney further charges:

From in or about April 2020 through in or about October 2020, in the District of Massachusetts, the defendant,

### KATHLEEN A. MANNION,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to her use and the use of another, any money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, Social Security benefits, having a value of approximately $4,025.

All in violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 641, set forth in Count Five, the defendant,

KATHLEEN A. MANNION,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

   a. $4,025, to be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

        Respectfully submitted,

        LEAH B. FOLEY
        United States Attorney

By:    */s/ John T. Mulcahy*
        JOHN T. MULCAHY
        Assistant U.S. Attorney

        JAMES J. NAGELBERG
        Special Assistant U.S. Attorney

Dated:  March 24, 2025